IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH CABELL                    :
                                 :
v.                               :   Civil No. WMN-04-2296
                                 :
COMPTROLLER OF MARYLAND          :
                                 :
                                 :

MEMORANDUM

Before the Court is Defendant Comptroller of Maryland's
(Comptroller's) motion for summary judgment.  Paper No. 11.[1]  The
motion is ripe for decision.  Upon a review of the motion and the
applicable case law, the Court determines that no hearing is
necessary (Local Rule 105.6) and the motion for summary judgment
will be granted.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joseph Cabell, an African American, was employed
as a Revenue Specialist I with the Maryland Comptroller's Office.
Plaintiff had been employed by the Comptroller for approximately
twenty-four years.  Plaintiff worked in the Business Tax
Collection Section of the Compliance Division; the division was
responsible for auditing, collecting and enforcing most Maryland
taxes under the Comptroller's jurisdiction.  Mem. Ex. 2 ¶ 3.

The Comptroller's office had in place a program to
systematically check that its employees were in compliance with

_____

[1] Also pending is Plaintiff's motion to strike Defendant's
Exhibit 4 - the administrative decision of Administrative Law
Judge Barchi that upheld the decision to terminate Plaintiff's
employment.  Paper No. 16.  The Court did not rely upon the
administrative opinion in making its decision and, as such, the
motion to strike the opinion will be deemed moot.

the state's tax obligations.  Mem. 3.  Through this system, it was brought to the attention of the Comptroller's Office that Plaintiff claimed an inappropriate filing status on his State tax returns.  Charles Townsend Dep. 40-42.[2]  On December 22, 2003, Linda Tanton, the director of the Compliance Division of the Comptroller's Office, met with Plaintiff to discuss the discrepancies in his tax returns.  Tanton Aff. ¶ 17.  The following day, Plaintiff gave a letter to Tanton that she considered to be a threat.[3]  On January 6, 2004, Plaintiff was issued a formal notice of termination.  Mem. Ex. 3A.  The termination notice provided the following reasons for Plaintiff's termination: "being unjustifiably offensive in the employee's conduct towards fellow employees;" "being guilty of conduct that has or if publicized would bring the State in disrepute;" and "making a false official statement."  Id.

Plaintiff asserts that his tax return was selected and audited in a manner not used for white employees.  Compl. ¶ 4.  Defendant asserts that the system in place to review its employees tax records automatically reviews the records of all

_____

[2] Townsend was the assistant director of the compliance division of the Comptroller's Office at the time of Defendant's termination.  Townsend Dep. 6.

[3] The letter contained derogatory remarks about Tanton, asked questions about members of her family, and referred to where they lived and worked.  Mem. Ex. 2B.  On December 23, 2003, Larry Tolliver, the Director of the Regulatory and Enforcement Division for the Office of the Comptroller, who had previously served as the Superintendent for the Maryland State Police for three years and, prior to that, as a Maryland State Police Officer for twenty-eight years, reviewed the letter.  Tolliver Aff. ¶¶ 5, 6, 8.  Tolliver interpreted the letter as a threat. Id. ¶ 9.

employees.  James Arnie Aff. ¶ 5.[4]  Each division director
receives a list of its employees whose returns may be problematic
and they discuss such discrepancies with the individual
employees.  Id.; Def.'s Interrog. 5.  In addition, the computer
program that selects individual employees tax returns does not
contain racial data.  Def.'s Interrog. 6.

Plaintiff appealed his termination under Md. Code Ann.,
State Personnel & Pensions §§ 11-109, 11-110.  The Deputy
Comptroller, Stephen Cordi, heard and rejected the appeal.  Mem.
Ex. 3B.  Plaintiff then appealed to the Department of Budget &
Management.  The Office of Administrative Hearings conducted the
appeal and the Administrative Law Judge affirmed the termination.
Mem. Ex. 4.  On March 26, 2004, Plaintiff filed a charge of
discrimination with the Baltimore District Office of the Equal
Employment Opportunity Commission (EEOC) alleging race and color
discrimination and retaliation.  Mem. Ex. 12A.  The EEOC issued a
Right to Sue Notice on April 16, 2004.  Id.  On July 19, 2004,
Plaintiff filed suit in this Court alleging race discrimination
in violation of Title VII of the Civil Rights Act of 1964, 42

---

[4] Arnie is the Director of the Revenue Administrative
Division for the Comptroller's Office.  Arnie Aff. ¶ 2.

U.S.C. § 2000e-5 <u>et seq</u>.[5]  Defendant now moves for summary
judgment as to Plaintiff's claim.

## II.  LEGAL STANDARD

Summary judgment is proper if the evidence before the court,
consisting of the pleadings, depositions, answers to
interrogatories, and admissions of record, establishes that there
is no genuine issue as to any material fact and that the moving
party is entitled to judgment as a matter of law.  Fed. R. Civ.
P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A
party seeking summary judgment bears the initial responsibility
of informing the court of the basis of its motion and identifying
the portions of the opposing party's case which it believes
demonstrate the absence of a genuine issue of material fact.  <u>Id.</u>
at 323.  The non-moving party is entitled to have "all reasonable
inferences . . . drawn in its respective favor."  <u>Felty v.
Graves-Humphreys Co.</u>, 818 F.2d 1126, 1129 (4th Cir. 1987).

If the movant demonstrates that there is no genuine issue of
material fact and that the movant is entitled to summary judgment
as a matter of law, the non-moving party must, in order to

---

[5] In his Complaint, Plaintiff states that he received the
right to sue letter on April 18, 2004.  Compl. ¶ 9.  Because
April 18th was a Sunday Defendant would have actually received
the letter on the 17th, which would make his filing of the
Complaint one day late.  Ninety days from the 17th made July 16th
the last day on which Plaintiff could file the Complaint.  In his
Opposition to the Motion for Summary Judgment, Plaintiff's
counsel states that the date of "April 19" in the Complaint was a
typographical error on the part of counsel and the right to sue
letter was received on April 20, 2005, which would make the
filing of the Complaint timely.  Opp'n 5 n.1.  While the Court
could grant Plaintiff leave to amend the Complaint to reflect a
date of service that would make the Complaint timely, the Court
finds that this is unnecessary in light of the lack of a factual
basis to support Plaintiff's claim.

withstand the motion for summary judgment, produce sufficient
evidence in the form of depositions, affidavits or other
documentation which demonstrates that a triable issue of fact
exists for trial.  <u>Celotex</u>, 477 U.S. at 324.  Unsupported
speculation is insufficient to defeat a motion for summary
judgment.  <u>Felty</u>, 818 F.2d at 1128 (citing <u>Ash v. United Parcel
Serv., Inc.</u>, 800 F.2d 409, 411-12 (4th Cir. 1986)).  Furthermore,
the mere existence of some factual dispute is insufficient to
defeat a motion for summary judgment; there must be a genuine
issue of material fact.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477
U.S. 242, 247-48 (1986).  Thus, only disputes over those facts
that might affect the outcome of the case under the governing law
are considered to be "material."  <u>Id.</u>

**III.  DISCUSSION**

Discrimination under Title VII can be established in two
ways, through direct proof of discriminatory intent, <u>Trans World
Airlines, Inc. v. Thurston</u>, 469 U.S. 111 (1985), or through
indirect proof under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S.
792 (1973).  Plaintiff offers no direct proof of race
discrimination.

In order to establish a prima facie case of racial
discrimination under the <u>McDonnell Douglas</u> burden shifting
framework, Plaintiff must show that 1) he is a member of the
protected class, 2) his job performance was satisfactory, 3) in
spite of his performance, he was fired, and that 4) following his
discharge, someone outside the protected class replaced

Plaintiff.  <u>White v. BFI Waste Servs., LLC</u>, 375 F.3d 288, 295 (4th Cir. 2004).

It is not disputed that Plaintiff meets two of these requirements: as an African American Plaintiff is a member of a protected class and was discharged.  Mem. 18.  Plaintiff, however, was replaced by another African American employee, someone not outside the protected class.  Jeanne Zarnoch Aff. ¶ 5.[6]  In addition, drawing all reasonable inferences in favor of the Plaintiff, the Court cannot reasonably conclude that the Plaintiff was meeting the legitimate expectations of his employer at the time of his termination.  Defendant has a legitimate expectation to not be threatened by its employees; Defendant perceived Plaintiff's December 23, 2003, letter to Tanton as a threat.  Tolliver Aff. ¶ 9.  Defendant's expectation that employees of the state tax administration agency file timely, honest, and accurate tax returns is also reasonable.  It is also reasonable for Defendant to expect its employees to answer questions about their personal tax returns.  By refusing to answer questions about his returns Plaintiff did not meet this expectation.  Plaintiff fails to establish a prima facie case for discrimination.[7]

---

[6] Zarnoch is the Director of Personnel for the Office of the Comptroller.  Zarnoch Aff. ¶ 2.
[7] The tax return, Plaintiff's refusal to answer questions about the returns, and the threatening letter were Defendant's proffered reasons for Plaintiff's termination.  There is no evidence that the reasons were dishonest or a pretext for discrimination.

In his Opposition, Plaintiff argues that Defendant began

## IV.  CONCLUSION

For these reasons, Defendant's motion for summary judgment will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.


_____/s/_____
William M. Nickerson
Senior United States District Judge


Dated: January 25, 2006

---

taking retaliatory actions against him after he joined other black employees and complained about the lack of promotional opportunities.  Opp'n 3.  Plaintiff failed to allege a claim for retaliation in his Complaint, has not sought to amend the Complaint to add such a claim and the deadline for amendment has passed.  Had Plaintiff properly set forth a claim for retaliation in the Complaint, the claim would not survive a motion for summary judgment.  Assuming Plaintiff made a prima facie case for retaliation, Plaintiff cannot offer concrete evidence that the reason given for his termination was pretextual.  See Pully v. K.P.M.G. Consulting, Inc., 348 F. Supp. 2d 388, 394 (D. Md. 2004).